## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeffrey Panarello,<br><br>                    Plaintiff,<br><br>        -v-<br><br>Commack Volunteer Ambulance, Suffolk County, N.Y.S. Stony Brook Hospital, Northwell Health, Perry Johnson and Associates, Gerber Ciano Kelly Brady, P.O. Keith Kramer, P.O. Popilaski, P.O. Smith, Robert Berbench, Esq., Paul Bourne, Esq.,<br><br>                    Defendants. | 2:25-cv-03754 (NJC)(SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se plaintiff Jeffrey Panarello ("Panarello") in relation to his sixth Complaint filed in this Court since July 2020 and a motion for a hearing, filed November 6, 2025, on Panarello's numerous letter requests for relief.[1] (IFP Mot., ECF No. 6; Compl., ECF No. 1; Mot., ECF No. 13.) For the reasons that follow, the Court grants the IFP motion, denies the request for a hearing and, upon screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), dismisses the Complaint.

## BACKGROUND

Panarello is no stranger to this Court, having filed five prior unsuccessful pro se cases since 2020.

---

[1] *See Panarello v. P.O. Kramer,* 2:20-cv-03281 (granting P.O. Kramer's summary judgment motion and dismissing with prejudice Panarello's second amended Complaint) (the "First Case"); *Panarello v. Ciano et al*., 1:21-cv-05621 (dismissing IFP complaint sua sponte for lack of subject matter jurisdiction) (the "Second Case"); *Panarello v. Berbenich et al.,* 2:22-cv-06565 (same) (the "Third Case"); and *Panarello v. Northwell Health et al*., 2:24-cv-04220 (dismissing sua sponte IFP complaint and amended complaint for lack of subject matter jurisdiction) (the "Fourth Case"); and *Panarello v. Suffolk County*, *et al*., 2:25-cv-01243 (the "Fifth Case"). The present case is *Panarello v. Commack Volunteer Ambulance, et a*l., 2:25-cv-03754 (the "Sixth Case").

I.    **Panarello's Litigation History**

    **A. The First Case**

    Panarello's litigation in this Court began with his July 10, 2020 filing of an IFP complaint pursuant to 42 U.S.C. § 1983 against the Suffolk County Police, the Suffolk County Supreme Court, and the law firm of Gerber Ciano Kelly Brady ("GCKB"). (*See* Compl., 2:20-cv-03281, ECF No. 1.) There, Panarello alleged that Suffolk County police officers responded to a call at his apartment on April 29, 2020, and assaulted him, causing injuries to his left arm and shoulder. (*Id*.) Following several amendments to the complaint and the completion of discovery, Magistrate Judge Locke[2] issued a Memorandum and Order dated September 5, 2024, which granted the motion for summary judgment in favor of the sole remaining defendant, Suffolk County police officer Keith Kramer ("Kramer"), on the sole remaining claim of excessive force. (*See* Mem. & Order, 2:20-cv-03281, ECF No. 398.)[3]

    As is relevant here, Panarello and Kramer agreed that, on April 29, 2020, Suffolk County police officers Kramer, William Popielaski ("Popielaski") and Howard Smith ("Smith") were dispatched to Panarello's residence where Panarello was found "under a blanket." (*Id.* at 2–4.) Although Panarello and Kramer disagreed about the circumstances leading to the dispatch of police to the residence as well as the events that transpired therein, they did "agree that, from his home, Panarello was taken to [the Comprehensive Psychiatric Emergency Program at Stony Brook Hospital] CPEP by [Kramer]." (*Id*. at 5.) Whether Panarello complained of shoulder pain at that time or that his shoulder was examined was in dispute; however, Judge Locke noted that

---

[2] Upon the parties' consent to the jurisdiction of a magistrate judge for all purposes, the case was reassigned to Magistrate Judge Locke on March 10, 2023. (*See* 2:20-cv-03281, Elec. Order, Mar. 10, 2023.)

[3] The Court had previously dismissed Panarello's claims against the Suffolk County Supreme Court and GCKB. (*See* Order, 2:20-cv-03281, ECF No. 5; Elec. Order, Dec. 13, 2021.)

Panarello's "medical records from CPEP [] do not indicate whether his shoulder was examined, and do not state that Panarello's left shoulder was dislocated [or] that [Panarello] complained of shoulder pain, or that any bruising was present." (*Id.* at 5.) Further, the medical records reflected that Panarello "reported his pain level as '0 = no pain.'" (*Id.* at 5 (*citing* Def. 56.1, Ex. E, 2:20-cv-03281, at 54).) The parties also "agree[d] that Panarello was transferred from CPEP to a second hospital [South Oaks Hospital]" where Panarello remained for one week. (*Id.* at 5.) Although the parties disputed whether Panarello's left shoulder was examined there, Magistrate Judge Locke noted that "[t]he records of Panarello's hospitalization at South Oaks contain no reference to his left shoulder [] and explicitly note a lack of bruises on [Panarello]'s person." (*Id.* at 5–6.) Further, the medical records reflected that "[w]hen Panarello was assessed on May 6, 2020, [Panarello] denied any pain and did not believe he needed any pain management." (*Id.* at 6 (cleaned up)).

In granting Kramer's motion for summary judgment, Magistrate Judge Locke determined that Panarello failed to establish an excessive force claim because no medical records supported Panarello's allegations that he suffered a dislocated left shoulder and bruising as a result of Kramer's purported use of force. (*Id.* at 11–13.) Rather, Magistrate Judge Locke found that "Panarello's alleged injuries resulting from Kramer's purported use of excessive force are directly contradicted by the CPEP and South Oaks medical records, which reflect his physical condition for the week immediately following April 29, 2020." (*Id.* at 14.) Following the September 6, 2024 entry of judgment in favor of Kramer (ECF No. 400), Panarello's motions for, among other things, reconsideration and to reopen the case were denied by Electronic Orders dated November 20, 2024 and July 15, 2025. (Elec. Orders, 2:20-cv-03281, Nov. 20, 2024 and July 15, 2025.) Panarello did not file a Notice of Appeal in that case.

### B.   The Second Case

Panarello filed an IFP complaint on October 1, 2021 against GCKB, Kelly Brady, Esq.

("Brady") and Mario Covera bringing state law claims against a law firm, a lawyer, and a

witness involved in a state court negligence action. (*See* Compl., 1:21-cv-05621, ECF No. 1.) By

Memorandum and Order dated December 6, 2021, District Judge Kiyo A. Matsumoto granted

Panarello's IFP motion and dismissed the complaint for lack of subject matter jurisdiction. Judge

Matsumoto issued a Memorandum & Order that took:

> judicial notice of a lawsuit filed in the New York Supreme Court, Suffolk County under
> Index Number 0611959/2016 . . . [in which] Panarello was the plaintiff in a negligence
> action against the Town of Huntington Hart Bus Company and related defendants. The
> law firm Gerber Ciano Kelly Brady LLP represented the defendants. Mario Covera was
> the bus driver at the time of the incident and a witness in the case. The state court action
> was dismissed on July 12, 2021.

(*See* Mem. & Order, 1:21-cv-05621, ECF No. 7 at 1–2.) The complaint was dismissed for lack of

subject matter jurisdiction because Panarello did not assert any federal claims as required for

jurisdiction under 28 U.S.C. § 1331 and, instead, brought only state law claims for libel and

defamation against citizens of New York state, which precluded the court from exercising

diversity jurisdiction under 28 U.S.C. § 1332. (*Id*. at 4-5.) Panarello did not appeal the dismissal

of this complaint.

### C.  The Third Case

On October 24, 2022, Panarello filed an IFP complaint against attorney Robert Berbenich

("Berbench"[4]) and GCKB, which also brought state law claims relating to the dismissed state

court action described above. (*See* Compl., 2:22-cv-06565, ECF No. 1.) In granting IFP and

---

[4] There, Panarello spelled this individual's surname "Berbenich" and in the present sixth Complaint he spelled it
"Berbench." (*Compare* Compl. in 2:22-cv-6565 *with* Compl., in 2:25-cv-03754.) For consistency, the Court will use
the spelling in the Sixth Complaint, Berbench.

4

dismissing the complaint for lack of subject matter jurisdiction, District Judge Matsumoto's

March 10, 2023 Electronic Order explained:

> Plaintiff previously commenced a markedly similar action in this Court, Docket
> No. 21-CV-5621 (KAM)(SIL), related to a lawsuit he filed in the New York
> Supreme Court, Suffolk County under Index Number 0611959/2016, *Panarello v.
> Town of Huntington Hart Bus Co. et al.*, of which this Court takes judicial notice.
> The publicly available database for the New York State Unified Court System
> indicates that Jeffrey Panarello was the plaintiff in a negligence action against the
> Town of Huntington Hart Bus Company and related defendants. The law firm
> Gerber Ciano Kelly Brady LLP represented the defendants. Mario Corvera was
> the bus driver at the time of the incident and a witness in the state case. The state
> court action was dismissed on July 12, 2021, and Plaintiff filed a pro se motion to
> reopen on November 30, 2021. *See*
> https://iapps.courts.state.ny.us/webcivil/FCASMain (last visited 03/10/23).
>
> The prior federal case alleged that Gerber Ciano Kelly Brady LLP and the driver
> of the bus made "written and verbal statements that are wholly false and damaged
> [Plaintiff's] bus case beyond repair." (*Panarello v. Gerber Ciano Kelly Brady
> LLP, et al.*, Docket No. 21-CV-5621 (KAM)(SIL), Complaint (ECF No. 1) at 5.)
> This Court dismissed that action because Plaintiff did not "assert any basis for
> subject matter jurisdiction," did not "present any claim based on a federal law,"
> and because "[h]is only claims, for libel and defamation, are state law claims that
> do not raise a federal question." (*See* Docket No. 21-CV-5621 (KAM)(SIL),
> Memorandum & Order (ECF No. 7) at 4.) The Court also stated that it did not
> have diversity jurisdiction over those state law claims because Plaintiff alleged
> that "he and the defendants are all citizens of New York." (*Id*.)
>
> The instant Complaint has the same flaws regarding subject matter jurisdiction.

(*See* 2:22-cv-06565, Elec. Order, March 10, 2023.) After the judgment was entered on March 13,

2023, Panarello filed a letter on April 3, 2023 seeking to "reopen" the case, which the Court

liberally construed as a motion for relief from a final judgment, order, or proceeding, pursuant to

Rule 60(b) of the Federal Rules of Civil Procedure, and denied. (*See* Mot., 2:22-cv-06565, ECF

No. 21; Order, 2:22-cv-06565, ECF No. 33.)[5]

---

[5] Since April 4, 2023, Panarello filed four letters and seven letter motions in his Third Case (2:22-cv-06565, ECF

### D. The Fourth Case

On June 3, 2024, Panarello filed an IFP complaint against Northwell Health and Perry Johnson & Associates, Inc. ("PJ&A"). Liberally construed, the complaint in this fourth action brought state law defamation and negligence claims relating to: (1) the alleged failure of Northwell's technician to provide an X-ray shield to cover Panarello's groin area during a chest X-ray on May 9, 2024; and (2) the alleged disclosure of unspecified records maintained by Northwell due to a data breach. (*See* Compl., 2:24-cv-04220, ECF No. 1.)

By Memorandum and Order dated July 25, 2024, this Court dismissed the complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and with leave to file an amended complaint that "identif[ies] the nature and factual basis of the claims against each Defendant, the relief sought, and the basis to invoke this Court's subject matter jurisdiction." (*See* Mem. & Order, 2:24-cv-04220, ECF No. 11 *in toto* and at 9.) Thereafter, Panarello filed two motions for the appointment of *pro bono* counsel and an order to show cause seeking to compel a non-party, Suffolk County, and Northwell to stipulate that Panarello did not send some unspecified e-mail messages, each of which was denied. (*See* Motions, 2:24-cv-04220, ECF Nos. 17, 19, 21; *see* Elec. Orders, 2:24-cv-04220, Aug. 7, 2024 and Aug. 28, 2024.) Panarello also sought and was granted an extension of time to file an amended complaint and, on September 23, 2024, Panarello timely filed an amended complaint against the same defendants as the original

---

Nos. 22, 24, 27–31.) On May 10, 2023, Magistrate Judge Locke denied the seven letter motions "without prejudice to be filed after [the District Judge] decides Plaintiff's motion to reopen the case." (Elec. Order, 2:22-cv-06565, May 10, 2023.) Thereafter, Panarello did not file a notice of appeal among his 57 additional motions, letters, notices etc. filed after the entry of judgment. (*See* 2:22-cv-06565, ECF Nos. 34–85, 87–91.) Each of Panarello's 57 submissions were addressed and denied. (*See* Elec. Orders, 2:22-cv-06565, June 7, 2023, June 22, 2023, Aug. 1, 2023, Aug. 16, 2023, Sept. 18, 2023, Sept. 21, 2023, Oct. 5, 2023, Oct. 16, 2023, and Nov. 13, 2024.)

complaint, Northwell and PJ&A. (*See* Mot., 2:24-cv-04220, ECF No. 14; Elec. Order, Aug. 7, 2024; Am. Compl., ECF No. 29.)[6]

Because the amended complaint largely repeated the allegations from the original complaint and did not properly invoke this Court's subject matter jurisdiction or allege a plausible claim for relief, the Court dismissed the amended complaint without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and without leave to further amend the complaint. (*See* Mem. & Order, 2:24-cv-04220, ECF No. 42.) Judgment was entered on December 13, 2024, and Panarello did not file a notice of appeal. (Judgment, 2:24-cv-04220, ECF No. 43.)

### E.    The Fifth Case

On March 3, 2025, Panarello filed an IFP complaint against Suffolk County, N.Y.S. Stony Brook Hospital (the "Hospital"), and Northwell. (*See* 2:25-cv-01243, Compl., ECF No. 1.) Panarello challenged the alleged 2019 assault by Suffolk County police officers and the sufficiency of the treatment of his left shoulder as well as the claimed electronic disclosure of his medical information. (*Id*.) By Memorandum and Order dated May 13, 2025, the Court dismissed Panarello's Section 1983 claims against Northwell and the Hospital for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(2). (Mem. & Order, 2:25-cv-01243, ECF No. 15.) The Court also dismissed Panarello's Section 1983 claim against Suffolk County relating to the 2019 rotator cuff tear allegedly suffered when he was assaulted by Suffolk County police officers because "that claim was already litigated and decided in *Panarello v. P.O. Kramer*, No. 2:20-cv-3281 (E.D.N.Y.)"

---

[6] In addition, after this Court's August 28, 2025 Electronic Order and before filing an amended complaint, Panarello filed eight more letters and motions (*see* 2:24-cv-04220, ECF Nos. 22–28) all of which were denied. (*See* Elec. Orders, Sept. 16, 2024 and Sept. 25, 2024.)

and was time-barred because it was filed "well beyond the three-year statutory period applicable to excessive force claims brought pursuant to Section 1983." (*Id.* at 8–9.)

In light of Panarello's pro se status and in an abundance of caution, the Court further explained that, even if these procedural hurdles could be surmounted:

> "There are limits as to how often the Court can be asked to review the same allegations against the same parties. That limitation is manifested in the doctrine of res judicata." *Baker v. Supreme Ct. for N.Y.*, No. 12-cv-5757, 2013 WL 372005, at *1 (E.D.N.Y. Jan. 29, 2013) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)). The doctrine of res judicata bars a plaintiff from litigating claims that were already raised or could have been raised in a prior action decided on the merits against the same defendants or their privies. *See Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002) (*per curiam*) ("Once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the first action arose.") (alterations omitted). "[R]es judicata applies to pro se plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action." *Bey v. City of New York*, 454 F. App'x 1, 5–6 (2d Cir. 2011) (citing *Cieszkowska*, 295 F.3d at 205–06). Further, "a district court may raise a res judicata issue sua sponte." *Corley v. Farrell*, 833 F. App'x 908, 909 (2d Cir. 2021).

(*Id.* at 8–9.) Applying these standards, the Court determined:

> Panarello's Section 1983 claim alleging, among other things, excessive force against Suffolk County Police Officer Keith Kramer has been litigated on the merits and dismissed with prejudice. *See Panarello v. P.O. Kramer*, No. 2:20-cv-3281, 2024 WL 4107231 (E.D.N.Y. Sept. 5, 2024). The doctrine of res judicata bars this attempt to relitigate claims that were raised and adjudicated in that prior action. *Brown*, 854 F.3d at 157. Thus, Panarello's excessive force claim is precluded from further adjudication by res judicata and is thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) (per curiam) (affirming sua sponte dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) on res judicata grounds).

(*Id.* at 10.) Further, the Court found that, even if Panarello's Section 1983 claim against Suffolk County was timely filed and not precluded by res judicata, the claim "fails for the

additional reason that the Complaint does not plausibly allege a claim for municipal liability." (*Id*.) Judgment was entered on May 13, 2025, and Panarello did not file a notice of appeal. (Judgment, 2:25-cv-01243, ECF No. 16.)

### F.    The Sixth Case

The present Complaint,[7] filed on July 7, 2025, names Suffolk County, the Hospital, Northwell, PJ&A, GCKB, Commack Volunteer Ambulance ("CVA"), Kramer, Popilaski, Smith, Berbench, and Paul Bourne, Esq. ("Bourne" and collectively, "Defendants") and seeks to invoke this Court's federal question subject matter jurisdiction by bringing Section 1983 claims against state or local officials and *Bivens* claims against federal officials and alleging "1st Amendment, 4th Amendment, 14th Amendment, Americans with Disabilities Act, Right Against Unreasonable Searches & Seizure" claims on the basis that "[a]ll defendants, et al. violated the Plaintiffs Constitutional Rights by assaulting (Suffolk) and abusing him (all defendants) and his rights." (*See* 2:25-cv-03754, Compl., ECF No. 1 ¶ II.) Although the Complaint is difficult to decipher, Panarello again alleges that the PJ&A data breach, Suffolk County, the Hospital and Northwell caused him physical harm. (*Id.* at 6–7.) With regard to CVA, which is named in this Complaint for the first time, Panarello alleges that "Suffolk even called an ambulance (Commack Volunteer Ambulance) (proven), none did anything to treat although Northwell told him to wear a sling." (*Id*. at 7.) Panarello also included two letters dated June 25, 2025 that provide:

> Why is Commack Ambulance or any other Defendant libel? Because their records, which still stand, a false narrative still chill the Plaintiffs 1st Amendment Rights to Petition the Courts. . . . The chilling Effect of the Plaintiffs 1st Amendment Rights cannot be allowed to stand. All Defendants, Commack Ambulance referenced here, records art of a false narrative of the plaintiff. Thus, briefly stated, has chilled his 1st Amendment Rights to petition the Court(s). Not

---

[7] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> to mention further promulgation of records the longer this case goes on, lawyers are afraid . . . due to reprisal or consider being tang and the Plaintiff himself, as well as anyone helping Jeff (its true) we have witnesses."
>
> A Note of Commack Ambulances Liability Personally and Professionally . . . Commack Ambulance personel had a chance to make, full well knowing Jeff's fragile condition, being called to his house many times for pulmonary (Commack Ambulance knew about Jeff's need for his inhaler, as they were dispatched to give him oxygen on site before) and full well knowing he needs a wheel chair and can't walk (they Commack Ambulance, would have to take him out of his apartment to the ambulance by a special chair that two people could lift, because of his left leg paralysis, right leg weakness). Ergo, when Suffolk Police called Commack Ambulance to the scene on 4-29-20 the assault, they knew all of this, further they knew the plaintiff/Jeff was complaining of left shoulder pain/torn out by Suffolk Police (Kramer) also back pain/neck pain/head slamming the concrete because of Suffolk Police. They, Commack Ambulance, knew Jeff was begging for his wheel chair and inhaler too. They witnesses this as he got into his garage as did others who were there. Yet Commack Ambulance personally did nothing to stop this, they never said we still have to examine him, we need to transport him!

(*Id.* at 12–15.) Panarello attached several more letters that all relate to the April 29, 2020 event.

(*Id.* at 17–21.) These documents are largely unclear and disjointed.

On September 3, 2025, Panarello filed: (1) a 75-page document beginning with a letter dated August 4, 2025 entitled "Letter to the Court-Proof of Missing Documents from Medicare" (ECF No. 8); (2) a 13-page letter dated August 17, 2025 entitled "Update: Jeff's Witness is Caught Between Protecting Himself and Testifying" (ECF No. 9); and an additional 61 pages of exhibits (ECF No. 9-1.) On October 8, 2025, Panarello filed several additional letter submissions totaling 32 pages, entitled "Notation on Getting Plaintiff to 'Remember' Facts, Cases, et al. for meetings, possible mediation, etc."; "The Adversaries are Taking Advantage of a Vulnerable Population under ADA Law"; "Proof/Recommendation of Need of Assistance of Any Kind to Plaintiff with Case(s), Plaintiff's Neurologists - Dr. Shareef, M.D."; and "In Relation to Criminal Charges," among others, and attaching several exhibits. On November 6, 2025, Panarello filed an

10

additional 58 pages of letters, requesting a hearing before the Court and seeking default

judgment and appointment of appellate counsel, among other forms of relief. (ECF No. 13).

Panarello's recent filings did not provide the Court with any further clarity as to his legal

arguments or bases for the requested relief. In Panarello's initial filing, in the space that calls for

"precisely what damages or other relief the plaintiff asks the court to order," Panarello wrote:

"Ease Jeff's suffering not keep causing more. Either a mediation, and/or sealing the

[indecipherable] "records", "cleaning up" the plaintiff's tarnished (good) reputation so he can

retain counsel for case #611959 -N.Y.S. Supreme Court . . . ." (Compl. at 7, ¶ V.)

On November 10, 2025, counsel for Defendant Suffolk County filed a letter with

the Court addressing Panarello's request for a default judgment, stating that no summons

had ever been issued and therefore, there had been no service of process. (ECF No. 14.)

## LEGAL STANDARDS

### I.    In Forma Pauperis

Upon review of Panarello's IFP Motion (IFP Mot.), the Court finds that Panarello is

qualified by his financial status to commence this action without the prepayment of the filing fee.

(IFP Mot., ECF No. 2.) Therefore, the IFP Motion is granted.

### II.    Sufficiency of the Pleadings

Under Section 1915 of Title 28, a district court must dismiss an IFP complaint that is

"frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B)(i-iii). At the pleading stage, the court must assume the truth of "all well-pleaded,

nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621

F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted). Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1)-(2), (d)(1). Rule 8 requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Essentially, Rule 8 ensures a complaint provides a defendant with sufficient notice of the claims against it. *See id*. "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Notwithstanding the latitude afforded to pro se litigants, pro se litigants are "not excuse[d] . . . from complying with the Federal Rules of Civil Procedure." *Gunter v. Carrion*, No. 09-CV-281, 2009 WL 10709657, at *1 (E.D.N.Y. Oct. 20, 2009) (alterations omitted); *see also Carl v. City of Yonkers*, No. 04-CV-7031, 2008 WL 5272722, at *5 (S.D.N.Y. Dec. 18, 2008) ("[T]he cases are legion that pro se status does not excuse a failure to follow clearly-enacted rules of court.") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir.

1995)). Similarly, "[w]hile the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest . . . a pro se plaintiff still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Logan v. Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) and *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019)).

Further, as this Court explained as recently as May 13, 2025 in dismissing Panarello's Fifth Complaint:

> "There are limits as to how often the Court can be asked to review the same allegations against the same parties. That limitation is manifested in the doctrine of res judicata." *Baker v. Supreme Ct. for N.Y.*, No. 12-cv-5757, 2013 WL 372005, at *1 (E.D.N.Y. Jan. 29, 2013) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)). The doctrine of res judicata bars a plaintiff from litigating claims that were already raised or could have been raised in a prior action decided on the merits against the same defendants or their privies. *See Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002) (per curiam) ("Once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the first action arose.") (alterations omitted). "[R]es judicata applies to pro se plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action." *Bey v. City of New York*, 454 F. App'x 1, 5–6 (2d Cir. 2011) (citing *Cieszkowska*, 295 F.3d at 205–06). Further, "a district court may raise a res judicata issue sua sponte." *Corley v. Farrell*, 833 F. App'x 908, 909 (2d Cir. 2021).

(2:25-cv-01243, Mem. & Order, ECF No. 15 at 8–9.)

## DISCUSSION

### I.    Preclusion

The Second Circuit has repeatedly confirmed that "[u]nder both New York law and federal law, the doctrine of res judicata, or claim preclusion, provides that [a] final judgment on

the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Sikorsky v. City of Newburgh, New York*, 136 F.4th 56, 62 (2d Cir. 2025); *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997); *see also Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Thus, claim preclusion bars relitigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Sikorsky*, 136 F.4th at 62; *see also Blinkoff v. City of Torrington*, No. 23-717, 2025 WL 502041, at *1 (2d Cir. Feb. 14, 2025) (same). In dismissing Panarello's Fifth Complaint, this Court explained that, because Panarello's claims arising from the 2019 alleged assault were litigated and decided on the merits, further litigation about that event is precluded. (Mem. & Order, 2:25-cv-01243, ECF No. 15.) That ruling applies with equal force to the claims asserted in the Sixth Complaint arising from the 2019 alleged assault. Accordingly, the claims against Suffolk County, CVA, Kramer, Popilaski, and Smith are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Although Panarello's remaining claims against Northwell, PJ&A, GCKB, Berbench, Bourne, and the Hospital have previously been dismissed without prejudice for lack of subject matter jurisdiction, a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and therefore has no preclusive effect. *MSP Recovery Claims, Series LLC v. Hereford Insurance Company*, 66 F.4th 77, 91 (2d Cir. 2023) ("A dismissal for lack of jurisdiction is by its nature a dismissal without prejudice; it does not preclude another action on the same claims.") (internal quotation marks omitted).

However, even upon a liberal read of Panarello's sixth pro se Complaint, the Court cannot reasonably construe a basis to invoke this Court's subject matter jurisdiction over the

15

claims against Northwell, PJ&A, GCKB, Berbench, and Bourne. "It is axiomatic that federal courts must 'verify the existence of subject-matter jurisdiction before proceeding to the merits.'" *Emiabata v. Farmers Ins. Corp.*, 848 F. App'x 27, 29 (2d Cir. 2021) (summary order) (quoting *Singh v. U.S. Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017)). Panarello's attempt to invoke this Court's subject matter jurisdiction by bringing *Bivens* claims against these entities and individuals fails because a claim under "*Bivens* . . . is available only against *federal officials* who are personally liable for the alleged constitutional tort." *Turkmen v. Hasty*, 789 F.3d 218, 233 (2d Cir. 2015) (emphasis added), *judgment rev'd in part, vacated in part sub nom. Ziglar v. Abbasi*, 582 U.S. 120 (2017). Given that none of these defendants are federal officials, *Bivens* has no application and cannot support this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331.

Similarly, Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *DeFreitas v. Toulon*, No. 2:23-CV-5933, 2024 WL 308250, at *10 (E.D.N.Y. Jan. 26, 2024) (citing *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quotation marks and citation omitted); *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is [ ] required to show state action.") (quotation marks and citation omitted). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted).

Here, the Court lacks federal question subject matter jurisdiction over Panarello's Section 1983 claims against Northwell, PJ&A, GCKB, Berbench, Bourne because none of these entities or individuals are alleged to be a state actor, to have been a "'willful participant in joint activity with the State or its agents,'" or to have "conspired with a state actor to violate Panarello's constitutional rights." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323–24 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 152 (1970)). Therefore, the Court may not assert jurisdiction over these claims under 28 U.S.C. § 1331. Moreover, the Court also lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) over the state law tort claims against Northwell, PJ&A, GCKB, Berbench, and Bourne because Panarello and Northwell are domiciled in New York, precluding the required complete diversity of citizenship between the parties. Additionally, Panarello has failed to allege *any* amount in controversy, making it impossible for the Court to find the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).

Accordingly, the Court does not reach the merits of Panarello's claims against Northwell, PJ&A, GCKB, Berbench, and Bourne, and these claims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206–07 (2d Cir. 2019) (summary order) (explaining that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim . . . .") (citing *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016)).

## II.    Section 1983 Claim Against the Hospital

Panarello's Section 1983 claim against the Hospital fares no better because the Eleventh Amendment bars adjudication of this claim in this Court. The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. In essence, the Eleventh Amendment prevents non-consenting states from being sued by private individuals in federal court. *See Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). It is well-established that this immunity extends to alter egos of the State such as SUNY. *See Gasparik v. Stony Brook Univ.*, 296 F. App'x 151 (2d Cir. 2008); *Dube v. State University of New York*, 900 F.2d 587, 594 (2d Cir. 1990); *Garramone v. SUNY - Stony Brook*, No. 2:23-cv-00066, 2023 WL 4471957, at *6 (E.D.N.Y. July 11, 2023) (dismissing Section 1983 claims against the State University of New York's Stony Brook Hospital as barred by the Eleventh Amendment); *Towers v. SUNY Stony Brook*, No. 04-cv-5243, 2007 WL 1470152, at *4 (E.D.N.Y. May 21, 2007) (same).

"Although the Eleventh Amendment generally does not bar suits against state officials acting in their official capacity seeking prospective relief, i.e., to enjoin conduct that violates the federal Constitution . . . that exception to Eleventh Amendment immunity is inapplicable to suits against the States and their agencies, which are barred regardless of the relief sought." *Casino v. Stony Brook Univ. Med. Ctr.*, No. 13-cv-6357, 2014 WL 317368, at *3 (E.D.N.Y. Jan. 27, 2014) (internal citations omitted) (citing *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) (holding that the Eleventh Amendment's "jurisdictional bar applies [to claims against the State or one of its agencies or departments] regardless of the nature of the relief sought.").

Thus, the Eleventh Amendment's bar precludes adjudication of Panarello's Section 1983 claim against the Hospital in this Court, and this claim is dismissed without prejudice.

### III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). Given that the deficiencies with Panarello's federal claims are substantive and could not be cured with better pleading, the Court declines to grant leave to amend the Complaint. Indeed, amendment of these claims would be futile. *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 111 (2d Cir. 2023) (citing *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations.")).

### IV.    All Writs Act Warning

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. *See Malley v. N.Y. City Bd of Educ.*, 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events); *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993). Indeed, this Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Law v. Meddaugh*, 229

F.3d 121, 123 (2d Cir. 2000) (cleaned up). Such an injunction, while protecting the courts and

parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access

to the courts. In addition, the Court must provide the plaintiff with notice and an opportunity to

be heard before imposing a filing injunction. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir.

1998) (*per curiam*).

The Second Circuit has identified five factors to be considered in restricting a litigant's

access to the court system:

> (1) the litigant's history of litigation and in particular whether it entailed
> vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing
> the litigation, e.g., does the litigant have an objective good faith expectation of
> prevailing?; (3) whether the litigant is represented by counsel; (4) whether the
> litigant has caused needless expense to other parties or has posed an unnecessary
> burden on the courts and their personnel; and (5) whether other sanctions would
> be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019). Panarello's cases in this

Court demonstrate a pattern of duplicative, frivolous filings. In light of his *pro se* status,

notwithstanding Panarello's six cases, upon careful consideration of these factors, the Court will

not order Panarello to show cause at this time why a litigation injunction should not be entered.

Should he continue in this course of conduct, however, the Court may, after notice and an

opportunity to be heard, bar Panarello from filing any further complaint against these Defendants

or their privies about the subjects set forth in the Complaint in this action and the dismissed

complaints in 2:20-cv-03281, 1:21-cv-05621, 2:22-cv-06565, 2:24-cv-04220, and 2:25-cv-

01243.

Further, Panarello has demonstrated an abuse of the litigation process through the filing

of 57 motions, letters, and notices *after* the entry of judgment on his Third Case (*see supra* at 5 n.

5) in addition to the eight letters and motions that he filed in the Fourth Case before filing an

amended complaint, (*see supra* at 6 n. 6). Accordingly, the Court has no choice but to restrict Panarello filing privileges in this case. Indeed, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

For all of these reasons, the Court suspends Panarello's filing privileges in this case except for filing a Notice of Appeal in this case. The Clerk of the Court shall return to Panarello any other submission that he may file in this case.

## CONCLUSION

For the reasons stated above, this Court grants Panarello's IFP motion (ECF No. 6), denies Panarello's motion for a hearing (ECF No. 13), and dismisses the claims against Suffolk County, CVA, Kramer, Popilaski, and Smith with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The remaining claims against Northwell, PJ&A, GCKB, Berbench, Bourne, and the Hospital are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

The Clerk of the Court shall enter judgment accordingly and shall mail a copy of this Memorandum and Order and the judgment to Panarello at his address of record and shall record such mailing on the docket. Except for a Notice of Appeal, the Clerk of the Court shall return any other submission from Panarello in this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
November 13, 2025

                                        */s/ Nusrat J. Choudhury*
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge